UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EARNEST L. JOHNSON, JR., | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:05-CV-118 RM |
| JOHN VANNATTA, *et al.*, | ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

Earnest Johnson, a prisoner confined at the Miami Correctional Facility ("MCF"), submitted a complaint under 42 U.S.C. § 1983 alleging that MCF officials violated his federally protected rights. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In

>reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Johnson brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Johnson asserts that he wishes to practice Voodoo as his religion. In paragraphs one, two, and three of his complaint, he alleges that MCF Superintendent John VanNatta, Chaplin Babb, and Administrative Assistant Amy Clark denied him the opportunity to exercise his religion, thereby violating rights protected by the First and Fourteenth Amendments to the United States Constitution.

Under the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." Al-Alamin v. Gramley, 926 F.2d 680, 686 (7th Cir. 1991). Courts do not substitute their judgment for that of prison administrators "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these

2

conditions." Pell v. Procunier, 417 U.S. 817, 827 (1974).

Mr. Johnson alleges that the defendants refused to recognize Voodoo as a religion and that they denied him the opportunity to purchase Voodoo materials "even small items used in my worship ceremonies that are in no way a threat to the security and/or operation of the Miami Correctional Facility." (Complaint at p. 3). "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Giving Mr. Johnson the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say no relief could be granted under any set of facts that could be proved consistent with his First Amendment claims.

Mr. Johnson also asserts that the defendants denied him access to ceremonial materials necessary for his religions practices even though they allow members of several other faiths to possess materials needed to practice their religions. Indeed, Mr. Johnson alleges that the defendants use the Offender Recreation Fund to purchase many of these items for members of other faiths. The Fourteenth Amendment's equal protection clause directs that "all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Giving Mr. Johnson the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say no relief could be granted under any set of facts that could be proved consistent with his Equal Protection claim.

The Indiana Department of Correction has an offender grievance system by which inmates are allowed "address issues and seek an administrative remedy." (Complaint at

3

p. 4). In paragraphs four and five of his complaint, Mr. Johnson alleges that MCF Counselor Wayne Ilderton and Casework Manager Riggle violated his First and Fourteenth Amendment rights by denying him "access to the offender grievance system by denying [him] a formal grievance." (Complaint at p. 4).

The Constitution does not require that a prison provide a grievance procedure, Jones v. Brown, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003); alleged violations of prison grievance procedures state no claim under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); and that a jail official ignores or denies a prisoner's grievance does not violate the Fourteenth Amendment's due process clause. Wilson v. VanNatta, 291 F. Supp. 2d 811, 819 (N.D. Ind. 2003). Accordingly, that defendants Ilderton and Riggle may have denied Mr. Johnson access to the grievance system states no claim upon which relief can be granted. Preventing a prisoner from filing a grievance or failure to respond to a prisoner's grievance may, however, preclude the defendants from relying on 42 U.S.C. § 1997e(a) —which requires prisoners to exhaust any available institutional grievance procedure before they may file a § 1983 claims regarding conditions of confinement —to obtain the dismissal of this complaint. Wilson v. VanNatta, 291 F. Supp. 2d at 820.

For the foregoing reasons, the court:

    (1) GRANTS the plaintiff leave to proceed against defendants John VanNatta, Chaplin Babb, and Amy Clark in their individual capacities for damages and in their official capacities for declaratory relief on the First Amendment and Fourteenth Amendment equal protection claims presented in paragraphs 1, 2, and 3 of his complaint;

    (2) DISMISSES Wayne Ilderton and Ms. Riggle, and the claims contained in

paragraphs 4 and five of the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1);

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS defendants VanNatta, Babb, and Clark to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on John VanNatta, Chaplin Babb, and Amy Clark, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: September 7, 2005

　　　　　　　　　　　　　／s／ Robert L. Miller, Jr.
　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　United States District Court