UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EARNEST L. JOHNSON, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:05-CV-118 RM |
| JOHN VANNATTA, *et al.*, | ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

Earnest Johnson, a prisoner committed to the Indiana Department of Correction ("IDOC"), submitted a complaint under 42 U.S.C. § 1983, alleging that Miami Correctional Facility officials violated his federally protected rights. The court court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed two defendants, and allowed Mr. Johnson leave to proceed against defendants John VanNatta, Chaplin Babb, and Amy Clark on his First Amendment, Fourteenth Amendment Equal Protection, and Religious Land Use and Institutionalized Persons Act claims.

The defendants have filed a motion for summary judgment directed at the question of whether Mr. Johnson exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a); Mr. Johnson has not responded. For the reasons that follow, the court grants the defendants' summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue

>
> for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
>
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Under 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), quoting Porter v. Nussle, 534 U.S. 516, 122 (2002). "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" Burrell v. Powers, 431 F.3d. 282, 285 (7th Cir. 2005), quoting Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion of administrative remedies is a condition precedent to suit in federal court. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 335.

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 534.

In support of their summary judgment motion, the defendants submit the affidavit of defendant Clark, which establishes that the IDOC had a grievance procedure in effect when the incidents Mr. Johnson complains of occurred, and that these incidents were grievable. She also states that she has examined Mr. Johnson's records and finds that he only filed one grievance dealing with religion and religious items and that he did not appeal the denial of that grievance to the second step of the grievance process. The defendants argue that because he did not appeal the denial of his grievance, he has not exhausted his administrative remedies as required by § 1997e(a).

Because the defendants met their initial obligation under Fed. R. Civ. P. 56, the burden fell upon Mr. Johnson to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he exhausted his administrative remedies as to the claims he presents in this action. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). When a non-moving party does not make such a showing, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 884 (1990), citing Celotex Corp. v. Catrett, 477 U.S. at 323. Because Mr. Johnson has not submitted admissible evidence that he appealed the unfavorable result of his grievance, he has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor.

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment (docket #36), DISMISSES this case without prejudice pursuant to 28 U.S.C. §

3

1997e(a), and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

    SO ORDERED.

    ENTERED: January  5 , 2007

                                        /s/ Robert L. Miller, Jr.
                                       Chief Judge
                                       United States District Court